## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **MICHAEL A. GRAY,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: RWT 11cv1612 |
| | * | |
| **ALLIED WASTE SERVICES** | * | |
| **OF WASHINGTON,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

## MEMORANDUM OPINION

Plaintiff Michael A. Gray ("Plaintiff") initiated a lawsuit against his former employer, Defendant Allied Waste Services of Washington ("Defendant"), alleging race discrimination and retaliation under Title VII.  Doc. No. 4.  Pending is Defendant's Motion to Dismiss.  For the reasons discussed below, the Court will quash Plaintiff's service on the Defendant, deny Defendant's Motion to Dismiss for lack of service of process, deny as moot Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted, and direct that the Plaintiff properly serve the Defendant within twenty-one days.

## FACTS

Plaintiff was employed by Defendant as a driver from May 17, 2004 to December 16, 2009 at the company's Capitol Heights, Maryland facility.  Doc. No. 4 at 2.  Plaintiff alleges that the Defendant retaliated against him for making two phone calls to Defendant's toll free, confidential hotline ("AWARE")—a service Defendant established for reporting ethical violations or violations of the law.  *Id.* at 2.  Plaintiff made the calls to submit complaints about then General Manager, Melvin Pfannenstein.  *Id.* at 3.

On December 15, 2009 Plaintiff filed a Complaint with the Equal Employment Opportunity Commission ("EEOC").  Doc. No. 4 at 3.  On March 15, 2011, the EEOC issued a Dismissal and Notice of Rights.  Doc. No. 4, Attach. 1 at 1.

On June 13, 2011, Plaintiff initiated this lawsuit, alleging race discrimination and retaliation under Title VII.  Doc. No. 1.  On July 7, 2011, the Court granted Plaintiff's motion to proceed *in forma pauperis* and twenty-one days to amend the Complaint to indicate whether he had complied with the pre-filing requirements of exhausting administrative remedies with the EEOC.  Doc. No. 3.  On July 26, 2011, Plaintiff filed an amended complaint that included the EEOC's Dismissal and Notice of Rights form.  Doc. No. 4, Attach. 1.

On August 26, 2011, the Court ordered Plaintiff to complete a United States Marshal Service of Process form and return it to the Clerk within twenty-one days to effect service.  Doc. No. 5.  The Court provided Plaintiff with a telephone number and website for the State Department of Assessments and Taxation for Plaintiff to identify the name and service address of the Defendant's resident agent.  *Id.*  The Order also warned that failure to comply with the Order could result in dismissal of Plaintiff's claim.  *Id.*

Plaintiff completed the form, but provided the Clerk with the incorrect name and address to properly effect service of process.  Using the name and address supplied by the Plaintiff, the United States Marshal Service sent the summons and complaint by certified mail to Defendant's Capitol Heights location where the resident agent is not located.  Doc. No. 7, Attach. 3.  A sales coordinator (temporary employee), who is not a member or officer of the L.L.C., and was not authorized to receive service of process, received the summons.  *Id.*, Attach. 2 at 2.  Defendants did not receive service of process by any other means.  *Id.*, Attach. 2 at 3.

On October 21, 2011, Defendant filed a Motion to Dismiss pursuant to Federal Rules of

Civil Procedure 12(b)(5) and 12(b)(6), asserting that Plaintiff failed to properly effect service on the Defendant and failed to assert a claim upon which relief can be granted. *Id.*, Attach. 1 at 3, 5. On November 10, 2011, Plaintiff responded to Defendant's Motion, conceding the lack of proper service, but requesting the Court to nonetheless consider the Complaint.  Doc. No. 12.

## STANDARD OF REVIEW

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987).  "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (citation omitted).  "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.*  (citations omitted). "When there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may not be ignored." *Id.* (citation omitted).  "Although insufficient service of process does not necessarily warrant dismissal, the court may dismiss the complaint for failure to comply with Rule 4 or quash the service, thereby permitting the plaintiff to attempt to properly serve the defendant." *Miller v. Baltimore City Bd. of Sch. Com'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011).

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(5) provides that a Court may dismiss a claim for insufficiency of service of process.  The requirements for service of process are in Federal Rule of Civil Procedure 4(h), which provides that a corporation, association, or partnership must be served "(A) In the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by

delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

Rule 4(e)(1) provides that a party can effect service by following the state law of the "state where the district court is located or where service is made."  Maryland Rule 2-124(h) states that service to a limited liability corporation ("L.L.C.") must be made upon its resident agent, and if good faith attempts to serve the resident agent fail, then to another person expressly or impliedly authorized to receive process.

Plaintiff has failed to effectively serve process on the Defendant, and has not shown good cause for his failure to timely serve the Defendant.  The procedural requirements of service of process must be satisfied in accordance with the rules and *pro se* status or good faith is insufficient to justify mistake, inaction, or delay.  *See Omni*, 484 U.S. at 104; *Hansan v. Fairfax County Sch. Bd.,* 405 F. App'x 793, 794 (4th Cir. 2010) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("Pro se status, however, is insufficient to establish good cause, even where the pro se plaintiff mistalenly believes that service was made properly."); *see also Holly v. Metro. Transit Auth.,* 213 F. App'x 343, 344-45 (5th Cir. 2007); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984).

Plaintiff asserts he made a good faith attempt to properly complete the service of process, but due to lack of counsel, he did not fully understand what was required.  Doc. No. 12.  Courts will grant *pro se* and *in forma pauperis* parties a degree of leniency for failure to effect service when there is good cause.  *See Holly*, 213 F. App'x at 344.  Good cause is shown when failure to serve is attributed to governmental errors.  *See Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996) (holding that plaintiff had good cause for failure to effect timely service because plaintiff provided the United States Marshal with the name and address, but the Marshal failed to serve

plaintiff's process); *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 447 (5th Cir. 1996) (finding that the clerk's failure to provide the proper summons forms, and the court's failure to appoint and direct a United States Marshal or other individual to serve process, was a showing of good cause); *Lujano v. Omaha Pub. Power Dist.*, 30 F.3d 1032, 1035 (8th Cir. 1994) (reversing the dismissal of an *in forma pauperis* plaintiff's complaint when the Magistrate Judge failed to issue the summons on time).

On the other hand, *pro se* status and ignorance of the rules are insufficient to show good cause. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Hansan*, 405 F. App'x at 794 (holding that acting *pro se* is not an excuse to effective service of process and is insufficient to establish good cause); *Jonas v. Citibank*, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006) (ruling that a *pro se* plaintiff's mistaken belief that process had been served was not good cause).

Here, Plaintiff provided the United States Marshals Service with the incorrect name and address to serve process, and consequently failed to serve Defendant's resident agent, an officer, or agent authorized by appointment or the law. *See* Fed. R. Civ. P. 4(h); Md. Rule 2-124(h). The Court's Order clearly indicated how Plaintiff could acquire Defendant's resident agent's name and address. Doc. No. 5. The Plaintiff, however, supplied the United States Marshall Service with the improper address for the Defendant. The summons and complaint were sent to and received by the Defendant's facilities in Capitol Heights, Maryland, which is not the location of the Defendant's resident agent. Accordingly, Plaintiff failed to effect service of process in compliance with Rule 4, which prevents this Court from exercising jurisdiction over Defendant. *See Omni*, 484 U.S. at 104 ("Before a federal court may exercise personal jurisdiction over a

defendant, the procedural requirement of service of summons must be satisfied."); *Armco*, 733 F.2d at 1089 ("[P]lain requirements for the means of effecting service of process may not be ignored.").

Because Plaintiff is *pro se* and Defendant received actual notice, dismissal for ineffective service of process is inappropriate at this stage.   *See Miller*, 833 F. Supp. 2d at 516.  Therefore, Defendant's Motion to Dismiss for lack of service of process will be denied.  However, because this Court cannot ignore the requirements of effective service, service on the Defendant will be quashed, and the Plaintiff will be given twenty-one days to properly effect service on the Defendant.[1]  Therefore, Defendant's motion to dismiss for failure to state a claim upon which relief can be granted will be denied as moot with leave to renew at such time after Plaintiff properly serves the Defendant.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for lack of service of process will be denied and Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted will be denied as moot.   A separate Order follows.


Date:  July 10, 2012                                      _____/s/_____
                                                         ROGER W. TITUS
                                                         UNITED STATES DISTRICT JUDGE

---

[1]   Plaintiff may contact the office of the State Department of Assessments and Taxation at http://www.dat.state.md.us/sdatweb/charter.html#other or (410) 767-1330 to obtain the name and service address of Defendant's resident agent.